CaeutheRS, J.,
delivered the opinion of the court.
This suit was commenced by warrant before a justice of the peace, for the sum of ten dollars, which *124 was chai’ged for teaching the defendant the art and mysteries of psychology and clairvoyance. No contract was made, but the defendant received the instructions of the plaintiff, who claims the said amount on a quantum merwit. The defendant insisted that he did not assume to pay the plaintiff any thing, and had a just adverse account against him for one dollar and fifty cents.
In the circuit court the verdict of the jury was in these words: “We find that the plaintiff does owe the defendant the sum of one dollar and fifty cents.” This is the entire verdict, and the court gave judgment upon it in favor of the defendant for the amount. A new trial was refused, and the case brought up by the plaintiff.
Now, can this judgment be sustained? We think not. By the act of 1756, ch. 4, § 7, C. & N., “ where there are mutual debts subsisting between the plaintiff and defendant, one debt -may be set-off against the other.” But this was only defensive until the act of 1815, ch. 53, which provided, that, it should be lawful where a suit was brought before a justice of the peace, and the defendant shall plead a set-off,” and on a fair examination of their accounts, it shall appear that there is a balance due in favor of the defendant, to enter up judgment against said plaintiff.” This only applies to a “ balamos ” due on examination of conflicting accounts. The intention is, that where there are mutual demands, and the defendant’s is the largest, he shall not be put to a cross action to recover the balance that may bo due to him, but in that action he shall so far be regarded as plaintiff as to obtain a judgment for the *125 amount that may he thus found to he due him after extinguishing the demand of the other party. But here it is not found that the plaintiff has any account against the defendant, who is allowed the whole amount of his account. We do not think the justice or the court has any jurisdiction in such a case. The act of 1815 was only intended to apply to cases where adverse accounts existed upon a comparison of which a balance was found due to defendant.
We are not aware that this question has ever before been presented to this court. It is true that it has been decided that the plaintiff could not dismiss his suit after a plea of set-off by the defendants, because such a plea was in the nature of a • cross action, and the defendant cannot be deprived of the benefit thereof, by the act of the other party. But this is entirely a different question.
A similar statute of the State of Massachusetts was construed by the supreme court of that State, in the case of Cummings vs. Pruden, 11 Mass. R., 206, in accordance with this opinion.
Tbe judgment for defendant must, therefore, be reversed for want of jurisdiction, so far as it embraces a recovery of his account against the plaintiff, as we have seen that this can only be done when adverse accounts are found, upon comparison of which, a balcmce is found to be due to defendant.
But this case involved two issues, one upon the implied promise of defendant to pay the plaintiff as much as he deserved to have for work and labor, and the other upon the adverse account of defendant against the *126 plaintiff for goods sold, relied upon as a set-off. There is no finding in this verdict upon the first issue. The result then, will necessarily be, according to the case of Barnard vs. Young, 5 Humph., 100, that the judgment must be arrested and a new trial awarded, unless the act of 1851-2, ch. 152, § 7, has changed the practice. It is there provided, “that any defect in entering a verdict where there are different issues, or the verdict is not responsive to the issues, must be made before judgment is entered, or the objection will be waived.” In this case objection was taken before the judgment was entered. For this, and perhaps other reasons, the late act does not apply.
In the case of Barnard vs. Young, the defendant released the amount found in his favor, but still the court held that the defect in the verdict could not be cured, and that the preservation of those technical rules, deemed important for maintaining the symmetry of our institutions, and for the protection of the rights of the citizens, compelled them to reverse the judgment. If the question were open we might be inclined to hold that the verdict in this case, by necessary implication, involved a finding against the plaintiff; in which case, judgment final could be here given in favor of the defendant against the plaintiff, for costs. But we would not disturb the law as settled by our predecessors on slight grounds.
It may be further remarked, that although such claims as that set up by the plaintiff are not entitled to much favor, yet the law should be administered to all in even scales. We do not say that the jury should *127 have allowed anything to the plaintiff for his services in this case; that is not a*question for us, but for the jury on a correct charge of the" law.
The defects of the charge given by the court in this case, would not, of themselves, 'he/ regarded as sufficiently important to authorize a new trial in the absence of any request by the plaintiff to enlarge or explain it. The criterion in an action on a qua/ntmm meruit, is not the “ benefit and advantage derived by the defendant from the services of the plaintiff,” alone, as charged by the court below. The question in such case, is, how much does the plaintiff deserve or merit for the work done, or instructions rendered to the defendant at his request, either express or implied. It may often happen that the defendant derives no benefit or advantage, yet this may not be the fault of the other, and would not be any defense' to a claim for meritorious services rendered. So, it must be left to the jury to determine, whether, under all the circumstances, the plaintiff actually deserved or merited any compensation for the services rendered.
' 'We feel, therefore, reluctantly constrained to reverse the judgment in this case, and award a new trial.